UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) KINGSLEY R. CHIN,<br>(2) ADITYA HUMAD, and<br>(3) SPINEFRONTIER, INC.<br><br>              Defendants. | Criminal No. 21-CR-10256-RWZ |

## **PROTECTIVE ORDER**
## ~~(Proposed)~~

      An assented-to motion having been made by the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116 for a protective order that prohibits defense counsel of record from disclosing personal identifiers contained in the documents produced in discovery except for the purpose of the legal defense in the case captioned above and that restricts the disclosure and use of materials by the defendant, it is hereby:

      1.     ORDERED that with respect to all personal identifiers disclosed by the Government to defense counsel of record in this case, defense counsel and the agents of defense counsel (members of the office of defense counsel who are directly engaged in assisting in the legal defense of this case, and other persons retained by defense counsel for the purpose of assisting in the legal defense of this case) may further disclose such materials, or information contained therein, only for the purpose of the legal defense of the above-captioned case. Such permissible disclosure by defense counsel of record and the agents of defense counsel includes providing the above-referenced materials, and the information contained therein, to the defendant for the purpose of the legal defense of the above-captioned case unless otherwise ordered by the Court. Personal identifiers shall include (1) individually identifiable health information as defined in 45 C.F.R. §

160.103; (2) financial information concerning any of the defendants; (3) financial information concerning any other individuals in any way involved in the case; or (4) personal private information protected under Rule 5.2 of the Federal Rules of Civil Procedure;[1]

    2.    IT IS FURTHER ORDERED that defense counsel of record may disclose such materials to potential fact witnesses only for the purpose of the legal defense in this matter, provided that defense counsel has made a good faith determination that such disclosure is necessary to the proper preparation of the legal defense in this case. Copies of such materials, however, shall only be shown or played, and shall not be given, to such fact witnesses. In addition, defense counsel of record must redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account numbers of third parties from the copies of materials shown to or played for such witnesses. If the materials shown to or played for a particular witness contain the social security number, date of birth, home address, names of minor children, and financial account numbers of that particular fact witness, however, this identifying and confidential information of that particular witness need not be redacted from the materials for the limited purpose of showing the materials to that particular witness.

    3.    IT IS FURTHER ORDERED that in the case of any expert witness hired by defense counsel for the purpose of the legal defense in this case, defense counsel is permitted to disclose unredacted materials to said expert witness for the purpose of the legal defense in this case so long as the expert witness: (a) has signed the attached Agreement To Be Bound By Order and this signed document has been filed with the Court as set forth in Paragraph 3 below; (b) makes only a reasonable number of copies and no more so than needed to be able to assist effectively in the

---

[1] While Rule 49.1 of the Federal Rules of Criminal Procedure, rather than rule 5.2 of the Federal Rules of Civil Procedure, governs the redaction of personal private information in criminal proceedings, the Court finds that the narrower categories in the civil rule are more appropriate in the context of a protective order.

legal defense in this case; and (c) returns all materials, or documents reflecting the information contained in the materials, to defense counsel of record at the conclusion of the case. Prior to disclosing any personally indefinable information to any expert witness, defense counsel of record shall fully explain the terms of this Order to each expert witness and obtain from each expert witness to whom such disclosure is made an acknowledgment of the terms of this Order and the expert witness's agreement to comply with its terms. Each expert witness to whom disclosure is made by defense counsel shall endorse a copy of this Order. Defense counsel shall maintain the original copies of Orders endorsed by all expert witnesses until the conclusion of this case or until such time as the Court orders the endorsements to be produced, under seal and ex parte, upon motion and for good cause shown. In the event that an expert witness declines to execute a copy of this Order and defense counsel nevertheless determines in good faith that the disclosure of materials covered by this Order is necessary for the proper preparation of the legal defense in this case, defense counsel may seek, under seal and ex parte, the Court's permission to disclose such materials to the expert witness notwithstanding the witness's refusal to execute a copy of this Order. The Court, after giving defense counsel notice and an opportunity to respond, may disclose any part of defense counsel's request to the Government if the Court determines that the Government should have an opportunity to respond to defense counsel's request.

4. IT IS FURTHER ORDERED that no defendant nor any other person receiving from defense counsel of record or the agents of defense counsel the materials, or the information contained therein, disclosed to defense counsel by the Government in this case, is permitted to further disseminate or further disclose such materials or information for any purpose at any time and that such information shall only be used for purposes of this litigation including as necessary during discovery, motion practice and preparation for trial, and unless a court orders otherwise for good cause shown; and.

5.     IT IS FURTHER ORDERED that this Order shall not be construed to limit or otherwise require the parties to seek leave of Court prior to filing with the Court any information protected by this Order, subject to the Court's local rules regarding the redaction of personal identifying information.

SO ORDERED.


DATE:  9/30/2021                              /s/ M. Page Kelley
                                              HON. M. PAGE KELLEY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the contents of the protective order entered in *United Stats v. SpineFrontier et al.*, 21-CR-10256-RWZ, and have had the terms of explained to me. I agree that the order the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

_____
NAME PRINTED


_____
SIGNATURE


_____
DATE