

BOSTON    NEW YORK
www.psdfirm.com
**POLLACK SOLOMON DUFFY LLP**
31 St. James Ave . Suite 940 . Boston, MA 02116
617.439.9800

February 28, 2023

**By Email PDF and ECF**
Patrick Callahan, Esq. (*patrick.callahan@usdoj.gov*)
David J. Derusha, Esq. (*david.derusha@usdoj.gov*)
Abraham R. George, Esq. (*abraham.george@usdoj.gov*)
Christopher Looney, Esq. (*christopher.looney@usdoj.gov*)
U.S. Attorney's Office
One Courthouse Way
Boston, MA 02210

    Re:    *United States v. Chin, et al.,* No. 21-cr-10256-RWZ

Dear Counsel:

We are in receipt of the letter from earlier today sent by counsel for Aditya Humad and, on behalf of our clients, incorporate those requests by reference. We make certain limited, additional requests below, in which all defendants join:

1. Please confirm that your office has searched all files of pertinent civil investigative agencies, including notes of civil investigators, for *Brady* material, including but not limited to any information tending to show either that any Defendant did not knowingly participate in wrongdoing or tending to show potentially culpable roles of any individuals who are not charged in this matter.

2. Provide an affidavit(s) detailing the nature, extent, substance and timing of your interaction and your case agents' interaction with civil investigators or civil government attorneys, including all communications about the subject of this action between, on the one hand, criminal prosecutors and/or government investigators and, on the other hand, civil government attorneys and/or investigators, along with copies of any substantive written communications.

3. To the extent that the government has taken possession of any laptops, computers, phones, other mobile devices, or storage devices (including but not limited to the laptop belonging to John Balzer, two of the three cell phones belonging to John Balzer, and the cell phone belonging to Jason Montone, all referenced in your previous discovery letters),

February 28, 2023
Page 2

> please confirm that the government has not limited its search of any stored files for discoverable material, but rather searched the entire contents of such devices. Without limiting the generality of this request, we note that your June 15, 2022 letter states with respect to the laptop computer that "Items outside the scope of the search warrant are not included in this production." Please confirm that the government has searched the entirety of that laptop and determined that it contains no other discoverable material.

4. With respect to the third cell phone belonging to John Balzer that your June 15, 2022 letter referenced, we understand from that letter that the government possesses the phone, but did not search the contents of it. We ask that you search that phone and produce any discoverable material from it.

5. With respect to the "copy of [Dr. Montone's] cell phone," referred to in your June 15, 2022 letter, the letter states that Dr. Montone consenually provided the government with a copy of the cell phone's contents, notwithstanding his knowledge that it contained communications with his counsel. Any privilege was thus waived. Please provide any discoverable material from that portion of the cell phone's contents that the government "segregated" out of privilege concerns. As for the remainder of the contents, we do not understand the letter's explanation provided as to the scope of the government's search. We understand that Dr. Montone provided the government with phone numbers for his counsel, which allowed the government to segregate certain messages. The letter also states, however, that the government has not reviewed the cell phone generally, beyond the referenced report, because of the presence of privileged material. Please confirm that the government has searched, or will search, the entirety of the cell phone's contents for discoverable materials.

6. To the extent the government may seek to introduce any statements by any Defendant, please provide a *Bruton*-ized version of such statement(s).

7. Provide a list of all individuals who have been given access to grand jury materials and describe their role in the investigation.

8. Provide a copy of disciplinary records, including formal or informal complaints or accusations of misconduct, of all case agents, as well as other agents who have performed substantive investigative roles or testified at the grand jury.

Sincerely,

*Barry S. Pollack*
Barry S. Pollack