**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-cr-10256-RWZ |
| | ) | |
| KINGSLEY R. CHIN, | ) | |
| ADITYA HUMAD, and | ) | |
| SPINEFRONTIER, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF SETH B. ORKAND**

Seth B. Orkand hereby declares as follows:

1.      I am a partner at Robinson & Cole LLP. I am counsel for Aditya Humad in the related civil actions, *United States ex re. Charles Birchall, Jr., et al. v. Spinefrontier, Inc., et al.*, 15-cv-12877 and 15-cv-12908-RWZ (D. Mass.). I have worked closely with counsel for the other defendants in the civil actions with respect to the discussions with the government referenced herein. I personally participated in all of the discussions referenced herein.

2.      Beginning in January 2021, counsel for the defendants in the civil actions engaged in settlement discussions with government attorneys about a potential resolution of the civil actions. To facilitate those discussions, the parties requested multiple extensions of time to file answers to the civil complaint.

3.      In several of our discussions with government attorneys, they insisted that a settlement would require the defendants to make factual admissions consistent with the civil complaint's allegations. In one such call on February 19, 2021, the government declared that it was pessimistic about settlement because of the defendants' refusal to make such admissions and disagreement on other key terms.

4.      During a follow-up call on February 24, 2021, the government reiterated that it did not believe the parties were close to reaching a settlement.  Nonetheless, discussions continued for several months with the government requiring factual admissions, as late as during a call on April 7, 2021.

5.      On a June 15, 2021 call, the government expressed its view that settlement discussions should not continue given the state of negotiations. We requested one more discussion on behalf of the defendants, which led to a final settlement call prior to the indictment in this action. That call was held on August 18, 2021. It did not succeed in breaking the stalemate, and settlement discussions ended.

6.      After some defendants in the civil actions were indicted, we contacted the government's attorneys to reopen settlement discussions in April 2022. During those renewed discussions, we explained to the government that the defendants felt compelled to attempt to reach a resolution to avoid defending two proceedings in federal court.  We explained that the defendants were also incentivized by the need to defend against the criminal charges to avoid collateral consequences from the civil case.

7.      As we reported to this Court in the civil actions on April 14, 2023, the defendants in the civil actions ultimately reached an agreement in principle to resolve the civil actions. The government provided a draft written agreement to document the terms of the settlement. That draft included a term that would require the defendants to waive and not assert in this criminal action any defenses based on the Fifth Amendment's Double Jeopardy Clause or the Eighth Amendment's Excessive Fines Clause as a result of the civil settlement. The government's draft also sought defendants' release of the government from all claims related to its prosecution or investigation of the defendants, including claims based on the investigation and conduct of this

criminal action.

8.      In addition to my communications with the government, I have also had communications with counsel for certain witnesses whom the government has contacted. In July 2019, counsel for one witness reported to me that the government provided assurances to the witness's counsel that the witness would not be criminally prosecuted if he agreed to a civil settlement (which he ultimately did, and was not thereafter charged). The witness's counsel mentioned the names of the government attorneys involved in these discussions, who include attorneys who have appeared in this criminal action.


      I declare that the foregoing is true and correct to the best of my knowledge subject to the pains and penalties of perjury.

This 24th day of July, 2023

_____
Seth B. Orkand