```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


                                    )
   UNITED STATES OF AMERICA,        )
                                    )
            Plaintiff,              )
                                    )   Criminal Action
   v.                               )   No. 1:21-cr-10256-IT
                                    )   Pages 1 to 9
   KINGSLEY R. CHIN, et al.,        )
                                    )
            Defendants.             )
                                    )


              BEFORE THE HONORABLE M. PAGE KELLEY
                  UNITED STATES MAGISTRATE JUDGE


                    FINAL STATUS CONFERENCE
             Via Videoconference and Digital Recording


                         October 30, 2023



              John J. Moakley United States Courthouse
                         One Courthouse Way
                    Boston, Massachusetts 02210




                      Linda Walsh, RPR, CRR
                      Official Court Reporter
              John J. Moakley United States Courthouse
                         One Courthouse Way
                    Boston, Massachusetts 02210
                      lwalshsteno@gmail.com
```

```
APPEARANCES:

On Behalf of the Government:

    UNITED STATES ATTORNEY'S OFFICE
    By: AUSA Patrick M. Callahan
        AUSA Christopher R. Looney
        AUSA David J. Derusha
        AUSA Abraham R. George
    One Courthouse Way, Suite 9200
    Boston, Massachusetts 02210
    617-748-3100
    patrick.callahan@usdoj.gov
    christopher.looney@usdoj.gov
    david.derusha@usdoj.gov
    abraham.george@usdoj.gov


On Behalf of the Defendants Kingsley R. Chin and SpineFrontier, Inc.:

    POLLACK SOLOMON DUFFY LLP
    By: Joshua L. Solomon, Esq.
        Barry S. Pollack, Esq.
    31 Saint James Avenue, Suite 940
    Boston, Massachusetts 02116
    617-439-9800
    jsolomon@psdfirm.com
    bpollack@psdfirm.com

On Behalf of the Defendant Aditya Humad:

    FICK & MARX LLP
    By: William W. Fick, Esq.
        Daniel N. Marx, Esq.
    24 Federal Street, 4th Floor
    Boston, Massachusetts 02110
    857-321-8360
    wfick@fickmarx.com
    dmarx@fickmarx.com



        Proceedings recorded by sound recording and
          produced by computer-aided stenography.
```

```
 1                    P R O C E E D I N G S
 2          THE COURT:  Okay.  Good afternoon, everyone.
 3          MR. CALLAHAN:  Good afternoon, Your Honor.
 4          MR. SOLOMON:  Good afternoon, Your Honor.
 5          THE CLERK:  Today is Monday, October 30th, 2023.  We
 6   are now on the record in criminal case number 21-10256, United
 7   States versus Chin, et al., the Honorable M. Page Kelley
 8   presiding.
 9          Will counsel please identify themselves for the
10   record.
11          MR. CALLAHAN:  Good afternoon, Your Honor.  Patrick
12   Callahan for the United States, and I'm here with Abe George,
13   Chris Looney, and David Derusha.
14          THE COURT:  Okay.  Good afternoon.
15          MR. SOLOMON:  Good afternoon, Your Honor.  Joshua
16   Solomon on behalf of Dr. Chin and SpineFrontier, and I'm here
17   with my partner Barry Pollack.  Dr. Chin is also here as well,
18   Your Honor.
19          THE COURT:  All right.  Good afternoon.
20          MR. FICK:  And good afternoon, Your Honor.  William
21   Fick and Daniel Marx on behalf of Aditya Humad, who is also
22   here observing.
23          THE COURT:  All right.  Good afternoon.  And no one
24   else, okay.
25          So this is the final status conference, and are we
```

1   ready to go up to see Judge Talwani?

2           MR. CALLAHAN:  I think we are, Your Honor.

3           THE COURT:  Okay.  And if there is a trial, how long

4   would it take?

5           MR. CALLAHAN:  Your Honor, the government put,

6   depending on whether full days or half days, which can make a

7   big difference, as we recently found out, the government has

8   estimated three to five weeks.

9           THE COURT:  So is that three to five weeks of full

10  days?

11          MR. CALLAHAN:  It would be -- I think when we last

12  talked, that was assuming half days, just because that's what

13  we had seen most frequently.  We would have to go back -- if it

14  was a full day, we would just want to see what that schedule

15  would look like, because it does have a material effect, but we

16  can certainly go back and do that estimate over again.

17          THE COURT:  So I'm going to say three to five weeks of

18  half days for trial.

19          And what about dispositive motions?

20          MR. FICK:  So, Your Honor, we're actually working on

21  those right now.  I suspect there may be one or a handful.  You

22  know, the Intracorporate Conspiracy Doctrine is at issue here,

23  and there's been some interesting litigation on that in recent

24  years.  The recent supreme court case about corporate mens rea

25  I think may prompt some dispositive motion practice, so we are

```
 1    working on those.  Other discovery is largely under the bridge.
 2    But, you know, it's going to take -- I think we'd want, like,
 3    45 to 60 days to put them together to file them.
 4            THE COURT:  So why don't I just report in the final
 5    status report that the -- you'll set a schedule for dispositive
 6    motions at the pretrial hearing.
 7            MR. FICK:  That's fine, Your Honor, as long as Judge
 8    Talwani is clear that these are coming, they are not ready for
 9    trial just yet.  But yes, that would be fine.
10            THE COURT:  Okay.  And no defenses of alibi, public
11    authority, or insanity?
12            MR. FICK:  I don't believe so.
13            THE COURT:  All right.  And --
14            MR. CALLAHAN:  Your Honor, just briefly on that, just
15    to make sure it's on the table.  To the extent, you know, we
16    did hear last time some argument about the presence of counsel,
17    the presence of counsel at the time when these activities were
18    going on, so to the extent there's an advice of counsel
19    defense, the government is going to want to seek, you know, a
20    deadline for the defense -- the defendants to formally notice
21    that so we can take it from there.  It's not something, I don't
22    think, that needs to be set as a date right now, but that would
23    be something we would want to address with Judge Talwani as
24    soon as we get up.
25            THE COURT:  All right.  And I'm going to say the
```

```
 1   discovery is substantially complete.
 2          MR. SOLOMON:  I think that's right, Your Honor.  And I
 3   mean, the government would know better than us whether it tends
 4   to present anything else.
 5          Following Your Honor's recent rulings, I think there's
 6   only one potentially open issue -- I don't think it prevents us
 7   from going up -- and that is the clarification that Your Honor
 8   issued in response to our motion we served to the government to
 9   ask for confirmation that it has in fact run the searches that
10   we raised in our motion for clarification that Your Honor
11   clarified needed to be conducted.
12          We haven't yet heard back.  We wrote to them last
13   week, but we haven't yet heard back.  So there is one potential
14   open issue there, but that's the only discovery issue that we
15   know of.
16          THE COURT:  Okay.  And with regard to expert
17   discovery, I can't remember, had we already set dates?
18          MR. CALLAHAN:  Your Honor, I think in the last status
19   conference, and I don't know that it's changed from the May
20   2023 status conference, you know, the parties had suggested
21   setting deadlines at a later date.  That could be something
22   that we address right from the start with Judge Talwani.
23          THE COURT:  All right.
24          MR. CALLAHAN:  So --
25          THE COURT:  All right.  I think that's a good
```

1    suggestion.
2            Okay.  Any other things I should mention in the final
3    report that's going to Judge Talwani?
4            MR. CALLAHAN:  No, Your Honor.  Other than, as
5    Mr. Solomon mentioned, on Wednesday or Thursday of last week,
6    they sent a letter following up on Your Honor's -- on their
7    motion for clarification, Your Honor's clarification on their
8    motion for clarification, and the government, you know, agrees.
9    Our discovery obligation extends to emails, and we have
10   produced documents with that in mind, and we'll continue to do
11   it, Your Honor.
12           And to the extent they think we've made -- we've put a
13   stop sign at our production now, that's not the case.  When
14   we -- you know, as we prepare for trial -- and this just
15   happened two weeks ago at a trial that I had -- was we were
16   preparing with witnesses and we were meeting with witnesses and
17   they say things that are inconsistent or, you know, that are
18   potentially exculpatory, we put those in either reports or
19   emails, and we send those over.
20           So we understand our obligations and understand where
21   they extend, and we're not making -- as I think Mr. Derusha
22   made clear, we don't make a distinction between civil and
23   criminal.
24           THE COURT:  Okay.  All right.  So I'll get this out
25   today, and then we'll just be waiting for Judge Talwani to set

```
 1   a pretrial conference date for you.
 2            MR. CALLAHAN:  And could we exclude the time, Your
 3   Honor?
 4            THE COURT:  Yes, and I'll exclude the time until that
 5   date.
 6            Okay.  Anything else?
 7            MR. FICK:  No, Your Honor.  Thank you.
 8            THE COURT:  All right.  Thank you.  Good to see you.
 9            MR. CALLAHAN:  Thank you, Your Honor.
10            THE COURT:  Bye-bye.
11            (Recording ends.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                 CERTIFICATE OF OFFICIAL REPORTER
 2
 3            I, Linda Walsh, Registered Professional Reporter
 4   and Certified Realtime Reporter, in and for the United States
 5   District Court for the District of Massachusetts, do hereby
 6   certify that the foregoing transcript is a true and correct
 7   transcript of the audio-recorded proceedings held in
 8   the above-entitled matter, to the best of my skill and ability.
 9            Dated this 5th day of November, 2023.
10
11
12
13            /s/ Linda Walsh
14            Linda Walsh, RPR, CRR
15            Official Court Reporter
```