# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KINGSLEY R. CHIN, <br> ADITYA HUMAD, and <br> SPINEFRONTIER, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Criminal No. 1:21-cr-10256-IT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION FOR REDACTION**

Defendants respectfully submit this response to the government's "Motion for Redaction of Electronic Transcript."

On May 21, 2024, the government asked for the defendants' position on redacting the publicly available transcript of the March 28, 2024 hearing in this matter. When defense counsel asked for an opportunity to consider the request and meaningfully confer, even until the following day, the government noted that May 21, the day it first raised its request with defendants, was also the deadline for seeking redactions. The government's waiting until the day of its deadline to raise this issue for the first time has provided inadequate time for the defendants to address the government's request in full or to confer with the government concerning whether redactions are necessary. While the defendants do not believe redaction is appropriate, primarily for the reason mentioned below, they do not intend to oppose the government's request at this time. They write separately, however, to ensure that allowing the government's sealing request would be without prejudice to the defendants' rights to challenge the redactions if appropriate at a later date, and to challenge any similar future requests by the government.

In short, defendants reserve their rights under Rule 6(e)(2)(A), which makes clear that "no obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Because Rule 6(e)(2)(B) does not apply to defendants in a criminal case, Rule 6(e)(2)(A) prohibits *any* imposition of secrecy on criminal defendants concerning grand jury materials. Defendants remain concerned that the government will attempt – as it did at the March 28 hearing – to impose secrecy requirements on defendants, improperly, in a manner that will limit their ability to make clear and persuasive arguments and presentations in open court, including (but not limited to) at the trial in this matter. In advance of trial, therefore, defendants intend to seek a ruling from the Court making clear their ability to use grand jury material consistent with the freedom that Rule 6(e)(2)(A) provides to them. That issue, however, need not be resolved in the context of this motion. For now, defendants merely wish to make clear their reservation of rights in that regard, notwithstanding any sealing of this particular transcript.

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

/s/ Daniel N. Marx
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

## Certificate of Service

    The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on May 22, 2024.

                                                  /s/ Joshua L. Solomon