UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN,<br>ADITYA HUMAD, and<br>SPINEFRONTIER, INC.,<br><br>Defendants. | Criminal No. 1:21-cr-10256-IT<br><br>**Leave to file granted on August 5, 2024** |

**REPLY BY DEFENDANTS IN SUPPORT OF THEIR MOTION TO UNSEAL THE COURT'S MEMORANDUM AND ORDER DATED JULY 3, 2024 AND UNDERLYING MOTION PAPERS AND EXHIBITS**

Defendants respectfully submit this reply to address several erroneous arguments and mistaken reliance on authorities in the government's opposition to the pending motion to unseal.

First, the only First Circuit case on which the government has relied in its opposition, *United States v. McMahon*, 938 F.2d 1501 (1st Cir. 1991), found error (albeit harmless in that case) arising from a court withholding a grand jury transcript from a defendant when failing to conduct an *in camera* inspection of the grand jury transcript:

> Moreover, despite the fact that the government attempted to impeach Salisbury during cross-examination with his grand jury testimony, the court never reviewed the transcript *in camera* to determine whether there was any contradictory testimony or whether the transcript was being used improperly, nor implemented any other discretionary protective measure…. As the Supreme Court has noted, "[i]n our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact." *Dennis*, 384 U.S. at 873, 86 S.Ct. at 1850. We therefore think that the government's decision to use the transcript to impeach the defendant's witness created a sufficiently particularized need on the part of the defendant to review the testimony for purposes of rehabilitation. *See Dennis*, 384 U.S. at 870, 86 S.Ct. at 1849….

*Id.* at 1504-05. Contrary to the government's citation, nothing in *McMahon* supports a (novel) presumption of sealing submissions by a defendant in a criminal case or the contents of a judicial

decision on a dispositive motion. To the contrary, the First Circuit's opinion itself discussed the contents of grand jury testimony, without redaction. *See id.* at 1505-06.

Second, the government suggests that the First Circuit's citation to *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979), departs from the analysis in cases outside this Circuit on which defendants have relied. The government focuses on language from *Douglas Oil* stating that grand jury secrecy prohibitions continue against the government even "after the grand jury has concluded its function." Defendants proactively identified in their moving papers the distinction between *Douglas Oil* and the posture here. Contrary to the government's suggestion, all circuits have recognized that, under *Douglas Oil* and another important Supreme Court case, *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557 (1983), grand jury secrecy prohibitions *against the government* continue after an indictment, yet disclosures can be obtained and used by other litigants, even in civil cases. In *Abbott & Associates*, the Supreme Court recognized that the Attorney General could not generally make post-indictment disclosures of grand jury materials to state prosecutors: "The statute as enacted by Congress simply does not authorize the Attorney General to turn over the entire investigative record of a federal antitrust grand jury to a State attorney general who has not complied with the judicially-developed standards implementing Rule 6(e)." *Id.* at 573. In *Douglas Oil*, the Court addressed the proper analysis by which a lower court should release grand jury transcripts for use in civil cases in other courts, holding that "the better practice would have been for the District Court, after making a written evaluation of the need for continued grand jury secrecy and a determination that the limited evidence before it showed that disclosure might be appropriate, to send the requested materials to the courts where the civil cases were pending." *Id.* at 230. Nothing in *Douglas Oil*, *Abbott & Associates,* or their progeny support

2

a presumption of sealing of submissions by defendants in criminal cases or rulings on dispositive motions.

Third, the government fails to address the caselaw that presumptively requires public access to papers related to judicial rulings on dispositive motions. *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) ("[O]nly the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." (quotation marks omitted)).

Fourth, the government mischaracterizes its office's usual practices concerning grand jury secrecy. As one of its arguments about the example given of the former United States Attorney and former Chief of the Criminal Division, now a United States Magistrate Judge, filing in the public record, *post-indictment*, references to grand jury testimony, the government argues "that the filing identified witnesses only by their initials." Opposition at 3. While particular quotes used first names, Kim and Dan, or first names and a last initial, Kim O and Dan O, that was because the submissions defined the witnesses in shorthand after using their full names for the first time. *See United States v. Fields*, Crim. No. 1:10-cr-10388-DPW (D. Mass. 10/22/2012), Doc. No. 284, at 1 (filed in public record with language expressly seeking to preclude certain "testimony by Daniel O'Riordan ('Dan O') to the effect that he attended a meeting with Kimberly Calhoun O'Riordan ('Kim O')"); *id.*, Doc. No. 280, at 1-3. Contrary to the government's position about the public use of only initials in that case, those public filings even used the full names of the grand jury witnesses *in the title of the motion and opposition papers*, by both sides, which appeared on the docket, visible to all on PACER. The government suggests that those public filings arose because prosecutors are entitled to make disclosures of grand jury materials in the course of performing their roles. But such a supposed government entitlement to make public disclosures undermines

any purported basis to seal here. That would not explain the government interfering with the defendants' public filings of grand jury materials or the Court's making fully public its dispositive rulings. Besides, taking the government's position literally, Rule 6 prohibitions would apply to prosecutors only when they decide not to disclose grand jury materials, a proposition for which the government has no support.

Fifth, the government identifies overlapping defense counsel by name between this case and the *Fields* case, referencing accusations of government misconduct there and implying that defense counsel's accusations there were baseless. The government omits, however, that as a result of publicly-filed accusations in the *Fields* matter, and judicial involvement in addressing them, a senior official in the FBI was convicted of violating federal criminal laws that prohibited executive branch personnel from serving in the private sector on matters before his federal agency, including work with a federal prosecutor conducting the *Fields* investigation. https://oig.justice.gov/press/2013/2013-12-17.pdf (DOJ press release announcing the sentencing of the former FBI Assistant Director for his role in the investigation of the *Fields* defendants and the company they managed, LocatePlus). Contrary to the government's positions in its opposition, nothing in the *Fields* matter supports a presumption of sealing grand jury materials submitted by a defendant or rulings on dispositive motions. Indeed, the *Fields* matter is a notable example showing why public filings can lead to justice. There, as a result of the public filings, one of the highest-level officials at the FBI was prosecuted in this District by the United States Attorney for the District of Connecticut because of the conflict-of-interest resulting from a criminal offense occurring at a meeting between the convicted FBI official and an AUSA in this District.

Finally, the government's opposition continues its disregard of Rule 6(e)(2)(A), which states that "no obligation of secrecy may be imposed on any person except in accordance with

4

Rule 6(e)(2)(B)." Because Rule 6(e)(2)(B) does not apply to defendants in a criminal case, Rule 6(e)(2)(A) prohibits *any* imposition of secrecy on criminal defendants concerning grand jury materials. These nuances of Rule 6(e) undermine the government's view that Rule 6 did not bind federal prosecutors to secrecy in *Fields* because they were just doing their job, but here binds defense counsel in a way that hampers their ability to make fulsome arguments in open Court.

## CONCLUSION

Based on the foregoing, defendants respectfully request that the Court unseal the Memorandum and Decision, and the underlying dispositive motion papers and exhibits.

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
Mary L. Nguyen (BBO #690395)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

William W. Fick
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

**Certificate of Service**

    The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on August 5, 2024.

                                              /s/ Joshua L. Solomon