UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) KINGSLEY R. CHIN,<br>(2) ADITYA HUMAD, and<br>(3) SPINEFRONTIER, INC.,<br><br>Defendants | No. 1:21-cr-10256-IT |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER THE COURT'S JUNE 7, 2024 ORDER RE: ATTORNEY-CLIENT PRIVILEGE AND POTENTIAL TRIAL DEFENSES**

Defendants move for reconsideration of the Court's June 7, 2024 Order addressing the parameters surrounding waiver of the attorney-client privilege. Defendants' motion simply rehashes arguments previously made and rejected. Because they cannot demonstrate that the Court's Order was incorrect, let alone clearly unjust, their motion should be denied.

**RELEVANT BACKGROUND**

The Court set forth the relevant background in its June 7, 2024 Order. Dkt. No. 179. On January 26, 2024, the government moved for a finding of waiver of attorney-client privilege, or in the alternative, to set a deadline for Defendants to advise the Court whether they will rely on advice or involvement of counsel. Dkt. Nos. 152, 153. On February 16, 2024, Defendants filed an opposition to the government's motion. Dkt. No. 155. The Court held a hearing on March 28, 2024. Dkt. No. 166. On June 7, 2024, the Court denied the government's motion, holding that the attorney-client privilege had not been waived as to all communications relating to the subject matter of the opinion letters Strong & Hanni P.C. issued. Dkt. No. 179 at 3. But the Court correctly stated that the attorney-client privilege may still be waived as to the subject matter of the letters, noting that "'the likelihood of prejudice looms . . . once a litigant puts the legal advice given to

1

him at issue[.]'" *Id.* (quoting *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.*, 348 F.3d 16, 24 (1st Cir. 2003).

The Court took note that "it appears the Defendants may seek to argue or introduce evidence of their attorneys' involvement to negate the mens rea the government must prove." *Id.* The Court held that in the event the "'[d]efendants propose to use the mere involvement of…counsel as a[n] inferential sword with respect to intent[,]'" then "'[t]o counter such an inference, the Government [will be] entitled to probe the communications between these attorneys and Defendant.'" Dkt. No. 179 at 5 (quoting *United States v. Liberty*, 2020 WL 6386388, at *3 (D. Me. Oct. 30, 2020)). The Order also adopted procedures surrounding the disclosure of materials to avoid unnecessary delay and prejudice in the event of waiver. *Id.* On July 29, 2024, Defendants moved the Court to reconsider its June 7, 2024 Order. Dkt. No. 191.

## LEGAL STANDARD

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005)); *see also United States v. Melo*, 954 F.3d 334, 349 (1st Cir. 2020) (citing *Allen*, 573 F.3d at 53). "Such motions are not vehicles for pressing arguments which could have been asserted earlier or for 're-arguing theories previously advanced and rejected.'" *Galanis v. Szulik*, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)); *see also United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009) (explaining that the Federal Rules of Criminal Procedure "do not expressly contemplate motions for reconsideration," but "assuming such a motion should be considered," courts generally borrow the standard from civil cases or the local

rules, and applying standard set forth in *Allen*). An order granting a motion for reconsideration is "'an extraordinary remedy which should be used sparingly.'" *Galanis*, 863 F. Supp. 2d at 124 (quoting *Palmer*, 465 F.3d at 30).

## ARGUMENT

Defendants do not premise their motion for reconsideration on newly discovered evidence or an intervening change in the law. Nor do they argue that the Court's order contains a manifest error of law. Instead, they argue that the interests of justice support reconsideration. As grounds for that conclusion, they mostly reargue "theories previously advanced and rejected" and also improperly raise new arguments. *Galanis,* 863 F.3d Supp. 2d at 124 (internal quotations omitted). Such claims do not merit the "extraordinary remedy" of reconsideration. *See id.*

### A.     The Court's Order Correctly Outlined the Parameters of a Potential Waiver

The thrust of Defendants' argument hinges on a last-ditch attempt to persuade the Court that this case is more in line with *United States v. White,* 887 F.2d 267 (D.C. Cir. 1989) and *United States v. Gasparik,* 141 F. Supp. 2d 361 (S.D.N.Y 2001) than with *United States v. Gorski*, 36 F. Supp. 3d 256, 267 (D. Mass. 2014), cited by the Court's June 7, 2024 Order. Their argument fails because both cases are entirely distinguishable. As a preliminary matter, the procedural posture of *United States v. White* is inapplicable, as it assessed a finding of waiver of privilege based upon statements that occurred before trial. 887 F.2d 267, 275 (1989). The court of appeals there held that the district court "erred in concluding that [the defendant] waived his privilege by his comment during a preliminary investigation referring to a 'thorough review' of a matter by counsel" and thereafter erred in admitting the content of privileged communications at trial. *Id*. The court clarified that a defendant could "waive his attorney-client privilege by releasing documents to or allowing his attorney to testify before an investigative body at the pretrial stage" but "pretrial disclosures have been found to waive the privilege only where a defendant disclosed the substance

3

of privileged documents or permitted actual testimony by his attorney before an investigative body." *Id.* at 271. This Court's June 7, 2024 Order contemplates a different scenario—one where the Defendants attempt to disguise their actions as legitimate by referencing the involvement of attorneys in the consulting contracts between SpineFrontier and surgeons, implying to lay jurors that they followed their attorney's advice. This scenario is completely different from what the court addressed in *White*.

The court's ruling in *United States v. Gasparik* is also not applicable here. 141 F. Supp. 2d at 361. *Gasparik* involved a defendant who consulted an attorney but ultimately did not retain him due to a high proposed fee—*i.e.* there was no danger that the jury could view the defendant's actions as a good faith reliance upon legal advice *received*. *Id.* at 370. In his opening, the defense attorney made a fleeting reference to good faith in "a very limited fashion." *Id.*

As the Court aptly recognized, that is far from the circumstance at hand. The Defendants' opposition and motion for reconsideration make clear that they intend to argue and present evidence (either in their case in chief or on cross-examination) that SpineFrontier and IME engaged outside counsel to advise them and draft opinion letters about the legality of consulting agreements to be distributed to surgeon-consultants. Dkt. Nos. 155, 191 at 12 ("In the end, the jury will see and hear that SpineFrontier obtained legal opinion letters from outside counsel about the consulting program and also engaged in-house legal and compliance personnel to assist with required disclosures of all consulting payments."[1])

In so doing, the Defendants will imply to lay jurors that they lacked *mens rea*—that their actions were legal and based on their attorneys' advice—illuminating the sword and shield

---

[1] Defendants' proposal to reference attorneys' involvement in Sunshine Act disclosures is especially far afield, as Defendants are not charged with violating the Physician Payments Sunshine Act. *See* Dkt. No. 181 at 7.

conundrum the Court's Order recognized and addressed. Dkt No. 179 at 5 ("Defendants propose to use the mere involvement of . . . counsel as a[n] inferential sword with respect to intent[,]" then "[t]o counter such an inference, the Government [will be] entitled to probe the communications between these attorneys and Defendant." (*citing United States v. Liberty*, 2020 WL 6386388, at *3 (D. Me. Oct. 30, 2020))).[2]  The Court and the First Circuit already have forbidden exactly this type of argument.  And the problematic nature of what Defendants propose is only further highlighted by the discrepancy between attorneys' involvement in the consulting *contracts* and whether attorneys were involved in assessing the consulting *arrangements* in practice.  The Indictment does not allege that the contracts violate the AKS on their face.  Rather, the Indictment alleges that Defendants violated the AKS in practice.  Defendants' attempt to highlight their attorneys' mere involvement in the contracts, is thus both fundamentally unfair, *In re XYZ Corp.*, 348 F.3d at 24, but also unwarranted.  *See also Gorski*, 36 F. Supp. at 267 ("The touchstone is fairness; a defendant cannot put his attorney's advice or involvement at issue in a case and then claim a privilege as to the details of that advice or involvement.").

> **B.     There is No Irreconcilable Conflict Surrounding  Privilege Assertions Between SpineFrontier and the Two Individual Defendants**

Defendants further attempt to muddy the waters by arguing for the first time in their motion for reconsideration that Chin (the principal owner, President, Chief Executive Officer, and Director of SpineFrontier), and Humad (the Chief Financial Officer, Treasurer, Secretary, and Vice President of Business Development of SpineFrontier), cannot waive privilege on behalf of SpineFrontier.  They are incorrect.  In *Commodity Futures Trading Commision v. Weintraub*, the

---

[2] Defendants also argue, unconvincingly, that *Liberty* is an outlier because they cannot meaningfully distinguish it.  It is a recent opinion within the First Circuit that squarely addresses the matter the Court is contemplating here.

Supreme Court held that the "trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications." 471 U.S. 343, 358 (1985).  In so doing, the Court noted that "the parties in this case agree that, for solvent corporations, the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Id*. at 348; *Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 U.S. Dist. LEXIS 148820, at *12-13 (D. Mass. Oct. 16, 2013)("the power to assert or waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.")(internal quotations and citations omitted).  Similarly, in *Velsicol Chemical Corporation v. Parsons*, 561 F.2d 671, 675 (7th Cir. 1977), the Seventh Circuit held that in-house counsel waived the company's attorney-client privilege, even though the corporation had not authorized him to do so.  *Cf. In re Grand Jury Proceeding*, 219 F.3d 175, 185-86 (2d Cir. 2000) (distinguishing *Velsicol*, but noting that the witness subpoenaed before the grand jury was not the company's "alter-ego," and that the witness did not testify voluntarily).  If a bankruptcy trustee and in-house counsel can waive a company's privilege, then surely a closely-held company's CEO and CFO may do the same.

For their part, Defendants' convoluted argument that they are incapable of acting on behalf of SpineFrontier (and vice-versa) lacks any relevant case citations.  It also defies logic, given Chin and Humad's roles at SpineFrontier and the lack of the involvement of any other individuals.  The legal opinion letters at issue were obtained by the Company.  SpineFrontier's corporate registration, publicly available online with the Massachusetts Secretary of State, details that, as of

2024, Chin and Humad are the only two officers and directors of SpineFrontier.[3] *See* Exhibit A. The alleged "irreconcilable conflict" is contrived.[4]

### C. The Court's Ruling Will Not Cause Confusion or Delay and Defendants' Concerns Surrounding Timing of the Government's Subpoena are Moot

Because Defendants do not like the Court's ruling, they attempt to cast it as impractical and confusing. It is not. The Court clearly has delineated the lines surrounding waiver and pre-trial procedures. It need not revisit them. Finally, Defendants' Motion takes issue with the fact that the government has not yet subpoenaed the relevant communications from Strong & Hanni LLP. Dkt. No. 191. The trial has since been continued until March 2025. Considering the lengthy continuance, which came at Defendants' request, and the government's representation that it is awaiting approval to issue the subpoena, this issue is moot. The government received authorization to send the subpoena mere hours ago, and will do so expeditiously.

### CONCLUSION

Defendants' repetition and repackaging of arguments previously advanced and rejected does not merit the "extraordinary remedy" of reconsideration. Defendants have not demonstrated, and cannot demonstrate, that this Court's order is clearly unjust. For these reasons, and the reasons set forth in the Court's June 7, 2024 Order, the motion for reconsideration should be denied.

---

[3] This was also the case for the years 2014-2023.

[4] If a conflict actually existed between Chin's interest in waiving the privilege to assert a defense of counsel or presence of counsel defense and SpineFrontier's interest in maintaining that privilege, those two parties would require separate counsel. The fact that they are jointly represented makes clear that this conflict is more imagined than real.

Dated: August 12, 2024

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    */s/ Mackenzie A. Queenin*
MACKENZIE QUEENIN
ABRAHAM R. GEORGE
CHRISTOPHER LOONEY

Assistant U.S. Attorneys

### Certificate of Service

The undersigned hereby certifies that I caused this document to be filed through the ECF system on August 12, 2024.

*/s/ Mackenzie Queenin*
MACKENZIE QUEENIN

### Certification Pursuant to L.R. 7.1

The undersigned hereby certifies that counsel for the government conferred in good faith with counsel for the defendants, but the parties were unable to resolve the issues presented by Defendants' Motion.

*/s/ Mackenzie A. Queenin*
MACKENZIE A. QUEENIN