UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| KINGSLEY R. CHIN and ADITYA HUMAD, | * Criminal Action No. 1:21-cr-10256-IT |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

February 4, 2025

TALWANI, D.J.

Pending before the court is Defendants Kingsley R. Chin and Aditya Humad's Motion for Reconsideration [Doc. No. 195] of this court's Memorandum and Order [Doc. No. 181] insofar as it denied *in camera* review of the grand jury transcripts. For the foregoing reasons, the motion is DENIED.

Background

The facts alleged in the Indictment [Doc. No. 1] and the record before the court regarding the grand jury proceedings are recounted in this court's Memorandum and Order [Doc. No. 181]. Defendants' Motion to Dismiss Counts One through Seven of the Indictment, and Request for an Evidentiary Hearing and *In Camera* Inspection of Grand Jury Transcripts ("Mot. to Dismiss") [Doc. No. 149] sought dismissal of Counts One through Seven of the Indictment [Doc. No. 1] on grounds of, *inter alia*, prosecutorial misconduct before the grand jury. Mot. to Dismiss at 1 [Doc. No. 149]; Def.'s Mem. ISO Mot. to Dismiss at 1, 11 n.5 [Doc. No. 150].[1] Defendants asked

---

[1] SpineFrontier, Inc. ("SpineFrontier") joined that motion as well as the instant Motion for Reconsideration [Doc. No. 195]. The government has recently dismissed the charges against SpineFrontier. See Gov't Mot. to Dismiss [Doc. No. 225]; Elec. Order [Doc. No. 226].

further that, if the court did not find it appropriate to dismiss for prosecutorial misconduct on the papers, the court hold "an evidentiary hearing concerning the government's awareness of exculpatory information when it presented contrary information to the Grand Jury, along with an *in camera* inspection of Grand Jury transcripts that the government has withheld, including the legal instructions the government provided to the Grand Jury." See Mot. to Dismiss at 1 [Doc. No. 149]. The court denied Defendants' motion to dismiss Counts One through Seven[2] without need for an evidentiary hearing and denied the request for *in camera* review.

As to the purported prosecutorial misconduct before the grand jury, the court concluded that: (1) disclosures under the Sunshine Act did not negate intent as to the counts charged, which were brought pursuant to the Anti-Kickback Statute, not the Sunshine Act; (2) the government did present evidence to the grand jury of SpineFrontier's Sunshine Act disclosures; (3) Defendants' concerns regarding certain hearsay testimony were unwarranted; and (4) the government was not required to provide legal instruction to the grand jury. See Mem. & Order at 7-10 [Doc. No. 181]. The court found further that Defendants' allegation that the government may have provided improper instructions to the grand jury was mere conjecture and did not warrant *in camera* review. Id. at 10.

Defendants' pending motion requests that the court "reconsider that limited aspect of [the court's decision] that denied an *in camera* inspection of certain grand jury transcripts." Mot. for Reconsideration at 1 [Doc. No. 195]. The motion requests specifically that the court conduct an *in camera* inspection of those grand jury transcripts that the government has withheld that would specifically show: (1) how and whether testimony and exhibits that the government

---

[2] The Memorandum and Order did grant Defendants' Motion to Dismiss Count Eight of the Indictment [Doc. No. 147]. See Mem. & Order at 12 [Doc. No. 181].

2

presented to prior grand juries were presented to the final grand jury that returned the Indictment; and (2) how and whether the government instructed the grand jury on the law of the willfulness requirement of the Anti-Kickback Statute. See id.

Legal Standard

Although "district courts have the inherent authority to reconsider their interlocutory orders outside the sentencing context," United States v. Bravo-Fernandez, 790 F.3d 41, 61 n.14 (1st Cir. 2015), aff'd, 580 U.S. 5 (2016), a motion for reconsideration is not intended to provide a party with a second bite of the proverbial apple, see Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "A district court may grant a motion for reconsideration 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Cintron, 724 F.3d 32, 36 n.5 (1st Cir. 2013) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer, 465 F.3d at 30 (quoting 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id.

Discussion

Defendants' opening memorandum suggested to the court that Defendants were trying to relitigate several arguments they presented in seeking dismissal of the Indictment, including: (1)

3

that summary opinion testimony by a case agent as to probable cause was unreliable hearsay;[3] (2) that the government potentially misled the grand jury to believe SpineFrontier had failed to make Sunshine Act disclosures in its own name;[4] (3) that the government potentially misstated the applicable law on willfulness;[5] and (4) that certain testimony and exhibits were potentially presented to the final grand jury that returned the Indictment in a misleading form, or were not presented at all.[6] These arguments were already considered and rejected by this court.[7]

Defendants insist, however, that they are not asking the court to reconsider whether to dismiss charges, only whether to conduct *in camera* inspection. See Defs.' Reply at 1 [Doc. No. 216]; see also Defs.' Mot. for Leave to File Reply at 1 [Doc. No. 213] ("The proposed reply would explain why the government's opposition misconstrues the limited relief that Defendants seek[.]"). They contend that "[w]hether the record is sufficient for dismissal of charges and whether to conduct an *in camera* inspection are not the same questions." Defs.' Reply at 2 [Doc. No. 216]. The argument that the court had an affirmative obligation to conduct an *in camera* inspection even if it found no need for an evidentiary hearing was not the focus of Defendants' original motion papers. There, Defendants requested that "[s]hould the Court conduct an evidentiary hearing prior to determining the proper remedy [on the motion to dismiss], the Court

---

[3] See Mot. for Reconsideration at 7 [Doc. No. 195]; Def.'s Mem. ISO Mot. to Dismiss at 14 [Doc. No. 150].

[4] See Mot. for Reconsideration at 5 [Doc. No. 195]; Def.'s Mem. ISO Mot. to Dismiss at 13-14 [Doc. No. 150].

[5] See Mot. for Reconsideration at 7-8 [Doc. No. 195]; Def.'s Mem. ISO Mot. to Dismiss at 16 [Doc. No. 150].

[6] See Mot. for Reconsideration at 8 [Doc. No. 195]; Def.'s Reply ISO Mot. to Dismiss at 2 [Doc. No. 165-3].

[7] See Mem. & Order at 7-10 [Doc. No. 181].

should require, as part of that process, that the government submit <u>all</u> Grand Jury transcripts, including instructions on the law, for an *in camera* inspection to assess the totality and impact of prosecutorial misconduct." Def.'s Mem. ISO Mot. to Dismiss 18-19 [Doc. No. 150] (emphasis added); <u>see</u> also Mot. to Dismiss 1 [Doc. No. 149]. In other words, Defendants' original papers primarily sought *in camera* inspection of the grand jury proceedings where the court found it appropriate to hold an evidentiary hearing. The court found no basis for an evidentiary hearing, and that determination has not been challenged by the Defendants.

Defendants did make passing references for the court to review the grand jury testimony, <u>see</u> Def.'s Mem. ISO Mot. to Dismiss at 4 [Doc. No. 150], but offered no legal authority or standard for those requests. In their motion for reconsideration, Defendants now argue that "when grand jury testimony is at issue, a trial court can make proper determinations of fairness or impropriety <u>only by reviewing the grand jury testimony itself</u>." <u>Def.'s</u> Reply at 2 [Doc. No. 216] (emphasis added) (citing <u>United States v. McMahon</u>, 938 F.2d 1501, 1505-06 (1st Cir. 1991)). <u>McMahon</u> does not support Defendants' assertion but supports instead the need for a particularized showing before lifting the secrecy of grand jury proceedings. In that case, the district judge denied defendant's request for a copy of the grand jury testimony of defendant's witness, and did not conduct an *in camera* review of that testimony, even when the government attempted to impeach the witness during cross-examination using that testimony. <u>See</u> <u>id.</u> at 1503. On review, the First Circuit found "that the government's decision to use the transcript to impeach the defendant's witness [at trial] created a sufficiently particularized need on the part of the defendant to review the testimony for purposes of rehabilitation." <u>Id.</u> at 1505 (citing <u>Dennis v. United States</u>, 384 U.S. 855, 870 (1966) ("[P]roblems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his

credibility . . . are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly.") (cleaned up)). In contrast, Defendants here have failed, in either their original motion or their motion for reconsideration, to show a particularized need for review of the grand jury proceedings.

And while Defendants maintain that the government has conflated, in its opposition, Defendants' motion-to-dismiss arguments with their request to review the grand jury testimony, it is Defendants who are conflating the issues. Defendants argue that this court's Memorandum and Order [Doc. No. 181] was based on the government's "manifest error of law," see Mot. for Reconsideration at 3 [Doc. No. 195], and that the government's approach failed to follow the Supreme Court's standard, "under which dismissal of an indictment is appropriate 'if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations[,]'" id. at 3 (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (emphasis added)). Defendants assert that based on this standard, the court should have, but failed to, assess the "cumulative effect" of these alleged prosecutorial actions and omissions. See id. at 3-5 [Doc. No. 195].[8]

---

[8] Defendants also argue that this court erroneously "focus[ed] on whether an untainted basis for charges could exist in the grand jury record," rather than assessing whether there is "grave doubt" that the decision to indict was "free from the substantial influence of" a misleading presentation. See Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). That is incorrect. See Mem. & Order at 4 [Doc. No. 181] ("A dismissal, therefore, will be ordered only for serious and blatant prosecutorial misconduct that distorts the integrity of the judicial process.") (quoting United States v. Rivera-Santiago, 872 F.2d 1073, 1088 (1st Cir. 1989)); id. (to trigger disclosure or *in camera* review, "a defendant must establish that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of an indictment.'") (quoting United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 242 (D.P.R. 2008)).

This court's Memorandum and Order considered the alleged deficiencies in turn, mirroring Defendants' briefing on the same, in the context of the motion to dismiss. See Def.'s Mem. ISO Mot. to Dismiss at 13, 14, 16 [Doc. No. 150]. For clarity's sake, this court emphasizes here that the alleged deficiencies in the prosecutions' presentation to the grand jury do not individually or cumulatively establish Defendants' "particularized need" for *in camera* review of the grand jury transcripts.

First, Defendants argue that agent opinion testimony about "probable cause" would "inherently relate" to any erroneous instruction the government may have given about the applicable law, including the law of willfulness. See Mot. for Reconsideration at 7 [Doc. No. 195]. The allegation that the government gave an improper instruction on willfulness is speculation, see Mem. & Order at 10 [Doc. No. 181], and it does not cease to be speculation merely because Defendants can point to a different alleged deficiency in the government's presentation. Moreover, the effect of an agent broadly opining on whether there was probable cause to support the counts in the Indictment is unlikely to substantially depend on specific instructions concerning the law of willfulness.

Second, Defendants contend that the alleged deficiencies in the prosecution's presentation, including the summary opinion testimony on probable cause, must all be viewed in light of the government's use of multiple grand juries. Defendants attempt to draw a link between the use of multiple grand juries and the use of opinion testimony as to probable cause by suggesting that the final grand jury was substantially deprived of underlying testimony or such testimony's description of exhibits. See Mot. for Reconsideration at 8 [Doc. No. 195]. But that, again, is just speculation. Moreover, the cases cited by Defendant involving testimony by a prosecutor or judge as to probable cause are quite different from the situation here, and

Defendants offer no evidence that the government "deceive[d] the jurors as to the quality of the testimony" it elicited from either government agent. See United States v. Hogan, 712 F.2d 757, 761 (2d Cir. 1983). These points from this court's previous Memorandum and Order are not undermined by the government convening multiple grand juries.

Third, Defendants speculate that the final grand jury that returned the Indictment did not receive evidence or exhibits concerning SpineFrontier's Sunshine Act disclosures. See Mot. for Reconsideration at 9 [Doc. No. 195]. While it is true that this court credited the government's presentation of evidence before the grand jury of SpineFrontier's disclosures, see Mem. & Order at 8 [Doc. No. 181], the fact that the government did, in fact, present evidence of Sunshine Act disclosures was only one problem with Defendants' argument, see id. at 7. Defendants were not charged with violating the Sunshine Act, and Sunshine Act disclosures, whether presented to the grand jury or not, do not undermine the government's overarching allegation, consistent throughout the Indictment, that Defendants entered into "sham" arrangements in which Defendants disguised bribes as payments for consulting services. See Indictment ¶¶ 29-31, 37-38 [Doc. No. 1]. A single purportedly ambiguous line in the Indictment, even when viewed alongside other alleged deficiencies in the prosecution's presentation, does not establish a "particularized need" for this court to review grand jury transcripts *in camera*.

Conclusion

For the foregoing reasons, Defendants' Motion for Reconsideration [Doc. No. 195] is DENIED.

IT IS SO ORDERED.

February 4, 2025                             /s/ Indira Talwani
                                             United States District Judge