IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGSLEY R. CHIN and<br>ADITYA HUMAD,<br>    *Defendants*. | No. 1:21-cr-10256-IT |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
IMPROPER EVIDENCE REGARDING PURPORTED ILLEGALITY OF
DEFENDANTS' AND/OR WITNESSES' CONDUCT**

Defendants, Kingsley Chin and Aditya Humad, respectfully move *in limine* to preclude the government from introducing evidence of i) opinions that defendants' conduct was illegal and ii) opinions that others', including witnesses' own, conduct was illegal.

The government has stated that while it is "willing to agree that no witness will opine on the ultimate issue of whether the consulting arrangement in practice was illegal," it does "anticipate introducing testimony that witnesses understood the consulting arrangement was illegal, and testimony that kickbacks are illegal." The government's suggestion that couching witnesses' testimony about the law in terms of their subjective "understanding" somehow sanitizes plainly improper opinion testimony rings hollow.

*First*, it "is black-letter law that 'it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'" *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (quoting *United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995)) (collecting cases). "In our legal system, purely legal questions and instructions to the jury on the law to be applied to the

–1–

resolution of the dispute before them is exclusively the domain of the judge." *Id*. Accordingly, "questions of law are not to be decided by the trier of fact; rather it is for the judge, not the lawyers or the witnesses, to inform the jury of the law applicable in the case and to decide any purely legal issue." *Id*. at 100 (internal quotation marks omitted). Testimony from witnesses, or other evidence, about "understandings" of the law and whether certain conduct is illegal would usurp the Court's role in deciding issues of law and the jury's role in applying those instructions to the facts established by the evidence.

*Second*, any opinion about the illegality of defendants' or others' actions is both irrelevant and more prejudicial than probative. *See* Fed. R. Evid. 401 and 403. A defendant cannot be convicted of conspiracy unless the evidence establishes both his "intent to agree and his intent to effectuate the object of the conspiracy." *United States v. Sawyer*, 85 F.3d 713, 742 (1st Cir. 1996). Substantive violations of the AKS likewise require knowing and willful offers or payment of remuneration to induce a person to buy goods paid for by a Federal health care program. *See* 42 U.S.C. § 1320a-7b(b)(2)(B). A witness' opinion that certain conduct was unlawful is not relevant to whether *defendants* had the specific intent to violate the law at the time the defendants' alleged conduct took place, and is unduly prejudicial. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

*Third*, a witness' hindsight beliefs about the illegality of the witness' own conduct is likely to be unreliable and fraught with hearsay problems, influenced both by interactions with the government and, in many cases, counsel advising the witness. A witness who opines on the

–2–

illegality of his own conduct based on legal advice becomes a conduit for inadmissible hearsay from the lawyer. Even if some hearsay exception arguably applied, that "lawyer" testimony, in turn, could not be evaluated without a waiver of privilege and disclosure of communications between the witness and counsel. Moreover, the jury could be left with a misimpression that cautious or "conservative" legal advice to the witness actually establishes the boundary between lawful and unlawful conduct, which would usurp the Court's role in instructing the jury about the law.

*Fourth*, any opinion regarding the illegality of defendants' actions is an inadmissible and inappropriate lay opinion under Fed. R. Evid. 701. *See, e.g.*, *United States v. Van Eyl*, 468 F.3d 428, 437 (7th Cir. 2006) (affirming order of new trial where "the [district] court feared the jury would conclude that if others thought the conduct was wrong, then [the defendant] must have possessed the intent to defraud"); *United States v. Henke*, 222 F.3d 633, 639–40 (9th Cir. 2000) (holding that the district court erred by admitting questioning "done in order to elicit [the witness's] conclusion that the defendants 'must have known' about the illegal conduct"); *United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) (agreeing that testimony that defendant "must have known" improperly turned lay witness "into the thirteenth juror"); *see also United States v. Belanger*, 890 F.3d 13, 25 (1st Cir. 2018) (stating that Rule 701 "provides assurance against the admission of opinions which would merely tell the jury what result to reach").

Accordingly, the Court should bar the government from eliciting witness testimony or other evidence about understandings or beliefs concerning the illegality of defendants' and/or others' (including witnesses' own) actions, and exclude any refence to such opinions, evidence, or testimony from the government's opening statement.

Respectfully submitted,

**KINGSLEY CHIN**

By his attorneys,

/s/ *Joshua Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

**ADITYA HUMAD**

By his attorneys,

/s/ *William Fick*
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA   02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

## Local Rule 7.1(a)(2) Certification

Defense counsel certify that they conferred in good faith with counsel for the government in an effort to resolve or narrow the issues described herein.

/s/   William Fick

## Certificate of Service

I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 18, 2025.

/s/ William W. Fick

## Local Rule 7.1(a)(2) Certification

Defense counsel certify that they conferred in good faith with counsel for the government in an effort to resolve or narrow the issues described herein.

/s/   William Fick

## Certificate of Service

I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 18, 2025.

/s/ William W. Fick