UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KINGSLEY R. CHIN and<br>ADITYA HUMAD,<br>    *Defendants*. | No. 1:21-cr-10256-IT |

**DEFENDANTS' RESPONSE TO GOVERNMENT'S
MOTION TO DISMISS COUNT FOUR**

Defendants Kingsley Chin and Aditya Humad respectfully submit this response to the government's motion to dismiss Count Four, which charges a violation of the Anti-Kickback Statute related to consulting payments made to Dr. Joseph Shehadi. Specifically, the government relies on a vague statement that dismissal of Count Four is "in the interests of justice," without explaining why this dismissal serves those interests while maintaining Count Five, relating to consulting payments made to Dr. John Atwater. To be clear, defendants do not oppose dismissal of Count Four, but in light of the recent radical changes to the case and late *Brady* disclosures, as a matter of fundamental fairness, the government should be required to explain this disparity.

As a background matter, Dr. Shehadi has testified about the pressure the government imposed on him during the investigation. In his initial interview, Dr. Shehadi told the government that his consulting services "were completely 'legitimate,'" and that he "was ***never*** asked to do anything illegal by anyone associated with SF." (Exhibit A hereto, at 1 (emphasis added).) Dr. Shehadi also told the government that he "runs all of these types of arrangements by his attorney." (*Id.*) Later, after spending more time with the government, Dr. Shehadi changed his story, entered into a civil settlement agreement where he admitted to facts and agreed to be a government

cooperating witness, and was ultimately included in the Indictment as Surgeon 4, the subject of Count Four. In another proceeding, Dr. Shehadi testified under oath about government influence, identified a former lead prosecutor on this matter by name, and attributed to the government the statement, "Please cooperate, and everything's going to – nothing will happen to you." With knowledge that cooperation equated to "nothing will happen to you," Dr. Shehadi testified that he "said of course I'm going to cooperate," and "flew there on my time and my penny." (*See* Hearing Excerpts, Exhibit B hereto, at 157.) As a result, the government brought Count Four. Defendants have requested from the government additional information concerning the government's influence of Dr. Shehadi and any promises given to Dr. Shehadi by the former AUSA. The government has responded that it has nothing further to provide. Naturally, however, the government is aware of both Dr. Shehadi's inconsistent statements and his references to government influence.[1]

The situation with Dr. Atwater is strikingly similar in undermining the government's theory of a "sham consulting program." In his initial interview, Dr. Atwater sought to exculpate himself in various ways. In fact, as set forth in defendants' reply in support of the motion for continuance and for a hearing on *Brady* issues, Dr. Atwater's statements, reflected in agent notes produced to defendants on February 22, 2025, were even more exculpatory than suggested in the report of the interview. (*See* ECF No. 286, at 5-6.) Among other things, Dr. Atwater stated (also appearing in the recently produced agent notes, but not reflected in the report of interview), that the consulting program "did not affect reason to use SF," that Dr. Chin did not use consulting in selling SpineFrontier to Dr. Atwater, and that Dr. Atwater's lawyer approved the consulting agreement.

---

[1] In a recent filing (the government's surreply on defendants' motion for a continuance), the government has suggested that none of the late-disclosed *Brady* material concerned Dr. Shehadi. That is inaccurate. (*See* ECF No. 238-1, at 3.)

As with Dr. Shehadi, Dr. Atwater also changed his story as the investigation progressed and was influenced by the government in specific ways that the government has not disclosed. For example, after his initial meeting, Dr. Atwater's counsel sent the government a letter on May 17, 2019, in which he stated:

> Although Dr. Atwater's initial statements at the proffer session indicated he may not have appreciated at the time, ***after you pointed out the government's concern***, he did finally appreciate the government's case and the problems he created for himself though his involvement in SpineFrontier.
>
> ***After you explained it to him at the proffer session***, Dr. Atwater fully appreciates his conduct, as discussed in the proffer session. ***He realizes that he has jeopardized his license, his career and his ability to support his family***. He accepts full responsibility for his actions as described in the proffer session. He is deeply, deeply remorseful.

(Exhibit C hereto, at 1 (emphases added).) Nothing the government produced has provided information about what the government said to Dr. Atwater that caused his lawyer to send this letter and caused Dr. Atwater to fear for his license, career, and ability to support his family. Whatever the specific content of such communications, it resulted in Dr. Atwater concluding, according to his counsel's letter, that he was ready to "atone" and would "cooperate fully as a witness for the government." (*Id.* at 1-2.)

Despite the similarities, the government has moved to dismiss the count related to Dr. Shehadi (and, before that, the counts related to Drs. Sung and Kushwaha), but has not sought to dismiss the count related to Dr. Atwater. Based on the foregoing, and the descriptions of late *Brady* disclosures and recent efforts by the government to abandon its allegations of a "sham consulting program" as it loses confidence in its ability to prove that allegation, the government should be required to describe why the dismissal of Count Four is "in the interests of justice" while the prosecution of Count Five continues.

Respectfully submitted,

| **KINGSLEY CHIN** | **ADITYA HUMAD** |
|---|---|
| By his attorneys, | By his attorneys, |
| /s/ Joshua L. Solomon | /s/ William W. Fick |
| Barry S. Pollack (BBO #642064) | Daniel N. Marx (BBO #674523) |
| Joshua L. Solomon (BBO #657761) | William W. Fick (BBO #650562) |
| POLLACK SOLOMON DUFFY LLP | FICK & MARX LLP |
| 31 St. James Avenue, Suite 940 | 24 Federal Street, 4th Floor |
| Boston, MA 02116 | Boston, MA 02110 |
| (617) 439-9800 | (857) 321-8360 |
| bpollack@psdfirm.com | dmarx@fickmarx.com |
| jsolomon@psdfirm.com | wfick@fickmarx.com |

**Certificate of Service**

    The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on March 5, 2025.

                                                                      /s/ Joshua L. Solomon