UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGSLEY R. CHIN<br><br>Defendant | No. 1:21-cr-10256-IT |

**JOINT NOTICE OF AGENDA ITEM FOR PRETRIAL CONFERENCE
CONCERNING OBJECTIONS BY DEFENDANT CHIN TO THE GOVERNMENT'S
USE OF EVIDENCE RELATED TO RECENTLY PRODUCED FINANCIAL RECORDS**

The parties hereby notify the Court that, in addition to the issues raised in the various motions *in limine*, as described below, Defendant Kingsley Chin raises objections to the government's use of evidence related to documents that it recently produced.

**Dr. Chin's Position:**

From Dr. Chin's perspective, over the past few days, the government has made extremely late productions of certain records and informed defense counsel of its intention to call an unnamed accountant as a witness at trial. Specifically, with respect to documents, the government produced this past Friday, May 9, substantial records from Bank of America that it has possessed for between 8 and 9 years, but produced only now, consisting of over 20,000 *documents* (made up of an unknown larger number of pages). On Sunday, May 11, the government followed that production with a production of documents from ADP, which it has had since 2021, but which it failed to produce until now. The government has offered no excuse or reason for not producing the BofA and ADP records sooner. Not until a recent email had the government referred to an intention to introduce testimony of a "forensic accountant." Since then, the government has identified Robert Stull as the forensic accountant. His name had appeared on a witness list merely as affiliated with

1

the FBI. Such a forensic accountant would constitute yet another proposed expert witness (in addition to those concerning CMS, HHS, and VA matters) for which the government has still not made the requisite expert disclosures.

As defense counsel will be prepared to discuss at the final pretrial conference, Dr. Chin objects to the government's use of any evidence at next week's trial related to these late-disclosed materials, whether directly or through summary charts, or an accountant-witness. The problem here is similar to that in *United States v. Tao*, No. 19-20052-JAR, 2022 WL 252019 (D. Kan. Jan. 27, 2022), in which the court explained deficiencies despite the government disclosing much more than the government did here:

> In relevant part, the Government's September 1, 2021 Notice states:
>
>> The government expects to elicit the testimony of [Koechner and Becker], ... forensic accountant[s] with the FBI. In [their] capacit[ies] as ... accountant[s] with the FBI, [Koechner and Becker] analyzed financial records associated with Defendant and his wife. The government believes that [their] testimony may involve [their] technical and specialized knowledge regarding the examination and analysis of financial records under Federal Rule of Evidence 702, including, but not limited to, asset tracing, structured transactions, cash flow analysis, financial techniques used to obscure the origin of funds, and patterns of use. This testimony will be premised upon [the witnesses'] knowledge, skill, education, training, and experience as ... forensic accountant[s] and upon [their] firsthand review of the evidence in this case. [Their] curricul[a] vitae [are] attached ....
>
> This Notice describes the bases for Koechner's and Becker's testimony and identifies a list of general topics on which they are expected to testify at trial, but it fails to describe their opinions on those topics. Perhaps this is because, as stressed in the response brief, the Government anticipates that Koechner and Becker will serve exclusively as summary witnesses. But the topics identified in the Government's Notice suggest that at least some of their testimony may cross the line from lay testimony to expert testimony. **To the extent these witnesses will express opinions based on specialized knowledge, the Government has failed to fully comply with Rule 16(a)(1)(G) because it has not provided Defendant with a summary that describes those opinions**.

*Tao*, at *12 (emphasis added). The same rules should apply here to the government.

**The Government's Position:**

The government inadvertently neglected to produce the Bank of America and ADP records, which, unbeknownst to the undersigned AUSAs, were in the custody of the FBI but not the U.S. Attorney's Office. Immediately upon realizing the error, the government called the defendant's counsel to inform them of the mistake and produced the records. The fact of all payments from SpineFrontier to the doctors that form the basis of the charged counts were previously disclosed to the defendant—in materials produced long ago.

The Bank of America records are SpineFrontier and IME's own bank records, and the defendant is the CEO of SpineFrontier and the owner of IME. The government has also informed the defendant that it does not intend to use or rely upon the Bank of America records, which were not previously disclosed, either in its summary charts or as independent exhibits, with the exception of a single payment to Dr. Murray on October 4, 2013.[1] The Bank of America records make up the overwhelming majority of the pages produced. Further, the fact that payments were made by SpineFrontier to physicians for purported consulting is not seriously at issue in this case. As the Court is aware, such payments were in fact disclosed by SpineFrontier to CMS. Indeed, the defendant seeks to introduce evidence of that, and the parties have entered into a stipulation concerning the same.

The ADP records are far less voluminous—approximately 1,000 pages. The government is using the records only in summary charts as evidence of payments to surgeons that are undisputed—as they appear in SpineFrontier's own payment records and were disclosed by

---

[1] The fact of that payment was previously identified, including on a document that is on the defendant's own exhibit list.

SpineFrontier to CMS.  Like the Bank of America records, the fact that payments were made is not at issue.  While two summary charts pertaining to Dr. Murray rely on ADP documents as a source, the fact of the payments have been previously disclosed to the defense through other documents, including CMS data and Spine Frontier's own records.

In light of the late production of materials, the government agreed to provide the defense with its draft summary charts.  The government produced those charts more than two weeks in advance of when the witness is expected to testify—far earlier than the typical practice in this Court.

The government's summary chart witness, Robert Stull, has been on the government's witness list, designated as a witness from the Federal Bureau of Investigation for months.  Further, the defense has been aware of the government's intent to use summary charts to summarize voluminous records for months—since before the last trial date.  "Our case law permits the use of summary tools to clarify complex testimony and evidence." *United States v. McElroy*, 587 F.3d 73, 81 (1st Cir. 2009).  Summary exhibits are admissible under Federal Rule of Evidence 1006. *Id.*; *see also United States v. Appolon*, 695 F.3d 44, 61-62 (1st Cir. 2012) (affirming admission of summary exhibits that obviated the need for "the jury to sift through[] mortgage and sale records for each of the twenty-one properties involved in appellants' scheme[] and also facilitated tracing the scheme's proceeds"); *accord United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Cir. 2006)("[P]edagogical devices may be sufficiently accurate and reliable that they, too, are admissible in evidence, even though they do not meet the specific requirements of Rule 1006.").  The government is unaware of any Court in this district adopting the view that summary FBI accountant testimony qualifies as expert testimony.

Dated: May 13, 2025

Respectfully submitted,

KINGSLEY CHIN

By his attorneys,

/s/ *Joshua L. Solomon*
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com


UNITED STATES OF AMERICA

LEAH B. FOLEY
United States Attorney


/s/ *Mackenzie Queenin*
ABRAHAM R. GEORGE
CHRISTOPHER R. LOONEY
MACKENZIE QUEENIN
Assistant U.S. Attorneys

5

**Certificate of Service**

    The undersigned certifies that this document, filed on May 13, 2025, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                */s/ Joshua L. Solomon*